UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.:

KEVIN BALTZLEY, on his
own behalf and others similarly situated,

Plaintiff,

v.

THE BERKLEY GROUP, INC., a Florida
Profit Corporation, BERKLEY VACATION
RESORTS, INC., a Florida Profit Corporation,
TOWERS RESORTS REALTY, INC., a Florida
Profit Corporation, REBECCA FOSTER,
individually, MARC LANDAU, individually, and
J.P. OTTINO, individually,

    Defendants.
_____/

## COMPLAINT

Plaintiff, KEVIN BALTZLEY ("BALTZLEY"), hereinafter "Plaintiff," on his own behalf and others similarly situated, by and through undersigned counsel, files this Complaint against Defendants, THE BERKLEY GROUP, INC., ("BERKLEY GROUP"), a Florida Profit Corporation, BERKLEY VACATION RESORTS, INC., ("BERKLEY RESORTS"), a Florida Profit Corporation, TOWERS RESORTS REALITY, INC., ("TOWERS"), a Florida Profit Corporation, REBECCA FOSTER, ("FOSTER"), individually, MARC LANDAU, ("LANDAU"), individually, and J.P. OTTINO, ("OTTINO"), individually, collectively "Defendants," and states as follows:

### JURISDICTION

1.     Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to

recover unpaid overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

2. The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

## PARTIES

3. At all times material hereto, Plaintiff was a resident of Broward County, Florida. Plaintiff now resides in Duval County, Florida.

4. At all times material hereto "BERKLEY GROUP" was a Florida Profit Corporation. Further, at all times material hereto, "BERKLEY GROUP" was engaged in business in Florida, with a principal place of business in Broward County, Florida.

5. At all times material hereto "BERKLEY RESORTS" was a Florida Profit Corporation. Further, at all times material hereto, "BERKLEY RESORTS" was engaged in business in Florida, with a principal place of business in Broward County, Florida.

6. At all times material hereto "TOWERS" was a Florida Profit Corporation. Further, at all times material hereto, "TOWERS" was engaged in business in Florida, with a principal place of business in Broward County, Florida.

7. At all times relevant to this action, "FOSTER" was an individual resident of the State of Florida, who owned and operated "BERKLEY GROUP," and "BERKLEY RESORTS," and who regularly exercised the authority to: (a) hire and fire employees of "BERKLEY GROUP," and "BERKLEY RESORTS;" (b) determine the work schedules for the employees of "BERKLEY GROUP," and "BERKLEY RESORTS;" and (c) control the finances and operations "BERKLEY GROUP," and "BERKLEY RESORTS;" "FOSTER" is an employer as defined by 29 U.S.C. 201 et. seq.

8. At all times relevant to this action, "LANDLAU" was an individual resident of the State of Florida, who owned and operated "BERKLEY GROUP," and "BERKLEY RESORTS," and who regularly exercised the authority to: (a) hire and fire employees of "BERKLEY GROUP," "BERKLEY RESORTS," and "TOWER;" (b) determine the work schedules for the employees of "BERKLEY GROUP," "BERKLEY RESORTS," and "TOWER;" and (c) control the finances and operations "BERKLEY GROUP," "BERKLEY RESORTS," and "TOWER;" "LANDLAU" is an employer as defined by 29 U.S.C. 201 et. seq.

9. At all times relevant to this action, "OTTINO" was an individual resident of the State of Florida, who owned and operated "BERKLEY GROUP," and "BERKLEY RESORTS," and who regularly exercised the authority to: (a) hire and fire employees of "BERKLEY GROUP," "BERKLEY RESORTS," and "TOWER;" (b) determine the work schedules for the employees of "BERKLEY GROUP," "BERKLEY RESORTS," and "TOWER;" and (c) control the finances and operations "BERKLEY GROUP," "BERKLEY RESORTS," and "TOWER;" "OTTINO" is an employer as defined by 29 U.S.C. 201 et. seq.

10. At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

11. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

12. At all times material hereto, Defendants were the "employer" within the meaning of FLSA.

13. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA. The Defendants sell timeshares for their companies in states all over the country.

14. At all times material hereto, Defendants were, and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA. The Defendants are engaged in the sale, creation, development and management of timeshare properties throughout the United States, including in addition to Florida upon information and belief in California, Arizona, Nevada, Missouri, Massachusetts, and Virginia.

15. The additional persons who may become plaintiffs in this action were non-exempt commission paid time-share sales persons of Defendants, who held similar positions to Plaintiff and who worked in excess of forty (40) hours during one or more work weeks during the relevant time periods but who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

16. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods. The Berkley Group alone derives over $100 million per year of revenue from the developing, marketing, management and sales of fractional interests in "time-share" condominiums and resorts.

17. At all times hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

18. At all times hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

19. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

20. On approximately May 6, 2008, Defendants hired Plaintiff to work as a non-exempt commission paid timeshare sales person.

4

21.     At various material times hereto, Plaintiff worked for the Defendants in excess of forty (40) hours within a work week.

22.     The Defendants pay their employees on commission-only basis or partial commission compensation basis. Their pay does not depend upon the number of hours the employees work, but upon the number of timeshares they sell or the amount of customers they persuade to take timeshare tours. Plaintiff, and members of the potential class, regularly worked in excess of forty (40) hours per week.

23.     There is an exemption from overtime compensation for inside salesperson employed by a retail establishment who are paid on a commission basis. Specifically, the relevant portion of the FLSA provides:

> a.      No employer shall be deemed to have violated subsection (a) of this section by employing any employee of a retail or service establishment for a workweek in excess of the applicable workweek specified therein, if: (1) the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate applicable to him under section 206 of this title; and (2) more than half his compensation for a representative period (not less than one month) represents commissions on good or services.

24.     The United States Code, 29 U.S.C. § 213(a)(2), defines the term "retail or service establishment" as an establishment where 75 percent of whose whole annual dollar volume of sales of goods or services (or both) is not for resale and is recognized as retail sales or services in the particular industry.

25.     The Defendants' businesses of marketing and developing time-share condominiums and resorts are not retail businesses as that term is defined. Specifically, at 29 CFR 779.317, the United States Secretary of Labor has concluded that "real estate companies" do not have a "retail concept" and the sales people they employ are not exempt from overtime pursuant to 29 U.S.C. § 207(i).

26. From approximately May 6, 2008 and continuing through August 15, 2009, Defendants failed to compensate Plaintiff, and those of the potential class, at rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single work week. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that the Plaintiff worked in excess of forty (40) hours per week as required by the FLSA.

27. Defendants have violated Title 29 U.S.C. §207 from at least May 6, 2008 and continuing to date, in that:

    a. Plaintiff worked in excess of forty (40) hours per week for his period of employment with Defendants;

    b. No payments, and provisions for payment, have been made by Defendants to properly compensate the Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

    c. Defendants have failed to maintain proper time records as mandated by the FLSA.

28. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent the Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION

29. Plaintiff realleges and reavers paragraphs 1 through 28 of the Complaint as if fully set forth herein.

30. From at least May 6, 2008 and continuing through August 15, 2009, Plaintiff worked in excess of the forty (40) hours per week for which Plaintiff was not compensated at the

statutory rate of one and one-half times Plaintiff's regular rate of pay.

31. Plaintiff was, and is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours.

32. At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

33. Defendants actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

34. Defendants have failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

35. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

36. At all times material hereto, Defendants failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees for fewer hours than they actually worked.

37. Based upon information and belief, the employees and former employees of Defendants similarly situated to Plaintiff were not paid for all hours worked, and to the extent such hours, if properly credited to Plaintiff, would have credited Plaintiff with more than forty (40) or more hours in a work week, Defendants have failed to properly pay Plaintiff, and those

similarly situated to him, proper overtime wages at time and a half their regular rate of pay for such hours.

38. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff respectfully request that judgment be entered in his favor against Defendants:

    a. Declaring, pursuant to 29 U.S.C. §§201 and 202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

    b. Awarding Plaintiff overtime compensation in the amount due to him for Plaintiff's time worked in excess of forty (40) hours per work week;

    c. Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

    d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

    e. Awarding Plaintiff pre-judgment interest; and

    f. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 6th day of July, 2010.

Respectfully submitted,

_____
Nanette Levi
FL Bar No.: 646679
MORGAN & MORGAN
6824 Griffin Road
Davie, Fl. 33314
Tel: 954-318-0268
Fax: 954-333-3515
E-mail: NLevi@forthepeople.com

**Trial Counsel for Plaintiffs**