UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-61194-CIV-ALTONAGA/Brown

**KEVIN BALTZLEY**, on his own
behalf and others similarly situated,

    Plaintiffs,
vs.

**THE BERKLEY GROUP, INC.**, *et al.*,

    Defendants.
_____/

## ORDER

**THIS CAUSE** came before the Court on Defendants' Motion to Dismiss by Rebecca Foster, Marc Landau and J.P. Ottino (collectively, "Individual Defendants") ("Motion") [ECF No. 16], filed on August 3, 2010. The Individual Defendants seek dismissal of the Complaint [ECF No. 1], asserting the Complaint fails to state a claim against them for which relief can be granted. (*See* Mot. 1). The Court has carefully considered the Motion, the parties' written submissions, and applicable law.

### I. FACTS

This case arises from claims for overtime wages by employees of corporations engaged in the marketing and development of time-share condominiums and resorts. Kevin Baltzley and other employees[1] (the "Plaintiffs") filed suit against Defendants, The Berkley Group, Inc.; Berkley Vacation Resorts, Inc.; and Towers Resorts Realty, Inc. (collectively, the "Corporate Defendants"). (*See* Compl. ¶¶ 4–9). Plaintiffs also named the Individual Defendants, Rebecca Foster ("Foster"), Marc Landau ("Landau"), and J.P. Ottino ("Ottino"). (*See id.*). Plaintiffs allege the Defendants

---

[1] The Complaint in this matter was filed by Kevin Baltzley, "on his own behalf and other similarly situated employees." Subsequently, three additional plaintiffs have joined the suit.

failed to compensate Plaintiffs at a rate of one and a half times their regular rate for work in excess of forty (40) hours per week in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a)(1); they demand overtime compensation, liquidated damages, attorney's fees and pre-judgment interest. (*See* Compl. ¶¶ 29–38). In filing the present Motion, the Individual Defendants seek to have the Complaint against them dismissed. (*See* Mot. 1).

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555). Pleadings must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Indeed, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1950 (citing *Twombly*, 550 U.S. at 556). To meet this "plausibility standard," a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 556). "The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss." *Sinaltrainal v. Coca-Cola Co.*, No. 06-15851, 2009 WL 2431463, at *4 (11th Cir. Aug. 11, 2009) (citing *Iqbal*, 129 S. Ct. at 1949).

When reviewing a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and take the factual allegations therein as true. *See Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997). But pleadings that "are no more

Case No. 10-61194-CIV-ALTONAGA/Brown

than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1950; *see also Sinaltrainal*, 2009 WL 2431463, at *3 ("'[U]nwarranted deductions of fact' in a complaint are not admitted as true for purposes of testing the sufficiency of the allegations.").

### III. ANALYSIS

The Individual Defendants maintain the Complaint against them must be dismissed because Plaintiffs have "failed to show that each of these individuals were [their] employers as defined by the FLSA." (Mot. ¶ 3). However, the crux of their argument is Plaintiffs' allegations regarding the Individual Defendants are "boiler-plate legal conclusions masquerading as 'facts.'" (*Id.* 5). Plaintiffs, of course, contend their Complaint is not only well-pleaded, but provides sufficient allegations to survive a motion to dismiss. (*See* Resp. 2–3 [ECF No. 26]).

The FLSA defines an employer as "any person acting directly or indirectly in the interest of an employer in relation to an employee . . . ." 29 U.S.C. § 203(d). Individuals as well as business entities are included in the FLSA's definition of "person." *See id.* § 203(a). In determining whether a party is an employer, courts have long assessed the economic reality of the relationship between the employee and the alleged employer. *See Goldberg v. Whitaker House Co-op., Inc.*, 366 U.S. 28, 33 (1961); *Patel v. Wargo*, 803 F.2d 632, 635 (11th Cir. 1986). The economic reality test suggests an employee-employer relationship may exist where the alleged employer hires and fires employees, supervises and controls employee work schedules or conditions of employment, determines the rate and method of payment, or maintains employment records. *See Villarreal v. Woodham*, 113 F.3d 202, 205 (11th Cir. 1997) (quoting *Bonnette v. Cal. Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983)).

In considering individuals as employers, the Eleventh Circuit has concluded "'a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages." *Patel*, 803 F.2d at 637–38 (quoting *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir. 1983)). Operational control means management of day-to-day business functions such as employee compensation, "direct responsibility for the supervision" of employees, or general operations. *Id.* at 638. Corporate officers or majority shareholders who play no active role in on-going business operations are not employers under the FLSA. *See Alvarez-Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1161 (11th Cir. 2008); *Patel*, 803 F.2d at 638. However, even a co-owner's occasional control of the day-to-day business operations or employee supervision is sufficient to bring the co-owner within the FLSA definition of an employer. *See Olivas v. A Little Havana Check Cash, Inc.*, 324 F. App'x 839, 845-46 (11th Cir. 2009).

In the present Complaint, Plaintiffs address each of the three Individual Defendants in separate paragraphs with virtually identical allegations – with one exception. (*See* Compl. ¶¶ 8–9). Plaintiffs allege:

> At all times relevant to this action, [Defendant] was an individual resident of the State of Florida, who owned and operated Berkley Group, and Berkley Resorts, and who regularly exercised the authority to: (a) hire and fire employees of Berkley Group, Berkley Resorts, and Tower; (b) determine the work schedules for the employees of Berkley Group, Berkley Resorts, and Tower; and (c) control the finances and operations [of] Berkley Group, Berkley Resorts, and Tower; [Defendant] is an employer as defined by 29 U.S.C. [§] 201 et. seq.

*Id.* (capitalization and internal quotation marks omitted) (alterations added). The exception is the omission of Defendant, Towers Resort Realty, Inc., in the paragraph describing Defendant Rebecca Foster. (*See id.* ¶ 7). While the allegations lack creativity and are repetitive, they do present a

Case No. 10-61194-CIV-ALTONAGA/Brown

plausible claim – each Individual Defendant is an FLSA employer – supported by factual assertions: each of the Individual Defendants regularly performed acts of hiring and firing, setting work schedules, and controlling operations and finances of the various Corporate Defendants.  The facts alleged go directly to establishing "operational control," which is necessary to bring the Individual Defendants under the FLSA definition of "employer."  The allegations also reflect a modicum of individuation as to the Individual Defendants, and ultimately, provide the Individual Defendants with legally sufficient notice.  At this early stage of litigation, nothing more is required.

### IV. CONCLUSION

For the reasons stated herein, it is

**ORDERED AND ADJUDGED** that the Individual Defendants' Motion to Dismiss **[ECF No. 16]** is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 3rd day of September, 2010.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc:    counsel of record